**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY C. KENNEY,

      Plaintiff - Appellant,

v.

TRINITY INDUSTRIES, INC.;
DON MAGRUDER,

      Defendants - Appellees.

No. 07-5123
(D.C. No. 06-CV-585-GKF-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Plaintiff-Appellant Anthony C. Kenney, appearing pro se, challenges the

district court's dismissal of his case for failure to state a claim for which relief

can be granted. He also seeks leave to proceed in forma pauperis (IFP) on this

appeal. We have jurisdiction under 28 U.S.C. § 1291. Reviewing Mr. Kenney's

---

    [*]   This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

filings liberally,[1] we hold that the district court properly dismissed his claim and **AFFIRM**. We also **DENY** his motion to proceed IFP.

## I. BACKGROUND

On October 24, 2006, Mr. Kenney filed what he titled a "Draft Complaint" in the United States District Court for the Northern District of Oklahoma. This one page document identified the defendants as Trinity Industries, Inc., and Don Magruder. On April 23, 2007, the defendants filed a motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The defendants argued that Mr. Kenney did not provide any facts, did not indicate the nature of the relationship between Mr. Kenney and the defendants—if one existed at all—and did not give any details about the claims that he was asserting against the defendants. The district court granted the defendants' motion, reasoning that Mr. Kenney could not prevail on the facts he alleged and that providing him the opportunity to amend would be futile. Mr. Kenney then filed a notice of appeal.

## II. DISCUSSION

We review a dismissal for failure to state a claim under Rule 12(b)(6) de novo. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). In so doing, we accept well-pleaded allegations as true and construe those allegations

---

[1] Because Mr. Kenney is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

2

in the light most favorable to the plaintiff. *Id.* "We look for plausibility in the complaint." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1970 (2007)).

We can discern no well-pleaded allegations in Mr. Kenney's complaint. He strings together a number of legal phrases, but the resulting conglomeration offers no insight into the claims that Mr. Kenney wishes to assert. Generously reading Mr. Kenney's complaint, he may have been attempting to state an employment-related claim. Part of his complaint states, "Plaintiff appeals class action filing same since 1988 frauding [sic] against welding test used for to keep plaintiff out of a job since against employement [sic] rights; . . . ." R., Vol. I, Doc. 1, at 1 (Draft Complaint, filed Oct. 24, 2006). This does not qualify as a well-pleaded allegation, and this statement probably is the one in his complaint that most closely approximates such an allegation. Accordingly, the district court properly dismissed his complaint for failure to state a claim for which relief can be granted.

Mr. Kenney also moves for leave to proceed IFP on this appeal. To succeed on this motion, Mr. Kenney "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). The two issues Mr. Kenney states on appeal are "Disembard [sic] from employment titile [sic] VII of 1964 Civil rights [sic]

3

Act" and "Haveing [sic] to refile some Changes." Aplt. Br. at 3.  Because Mr.

Kenney has failed to raise a reasoned, nonfrivolous argument, his IFP request is

denied.

Accordingly, the district court's dismissal order is **AFFIRMED**, and Mr.

Kenney's motion to proceed IFP is **DENIED**.

ENTERED FOR THE COURT,


Jerome A. Holmes
Circuit Judge